IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| BOUTIQUE AIR INC. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 25-1191 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF TRANSPORTATION, and | ) | |
| SEAN DUFFY, in His Official Capacity as | ) | |
| Secretary of Transportation, | ) | |
| | ) | |
| Respondents. | ) | |

## **UNDERLYING DECISION**

Pursuant to this Court's order dated September 25, 2025, Petitioner Boutique Air Inc. ("Boutique Air" or "Petitioner"), by and through undersigned counsel, respectfully submits the underlying decision in this agency decision appeal. The petition for review challenges the decision of Respondent U.S. Department of Transportation ("Department") to deny Boutique Air's request to be reimbursed the $1,650,662 which the Department withheld from Boutique Air in connection with Boutique Air's provision of Essential Air Service for the airport at Clovis, New Mexico (the "Clovis Decision").

On April 29, 2025, Boutique Air, by and through undersigned counsel, sent a letter to the Department requesting reimbursement of $1,650,662 withheld from Boutique Air. **Exhibit 1** hereto. That letter pointed out that the Department withheld

$1,650,662 from Boutique Air because Boutique Air provided the EAS for Clovis utilizing a single-engine aircraft rather than a twin-engine aircraft; but that on other occasions during the same time period, the Department did not withhold funding from the EAS air carrier despite the fact that the air carrier also used a single-engine aircraft rather than a twin-engine aircraft. After the Department did not respond to the April 29, 2025 letter, counsel for Boutique Air sent a follow up letter dated May 12, 2025. **Exhibit 2** hereto. By letter dated June 3, 2025, the Department's Acting General Counsel, Gregory Cote, Esq., responded to Boutique Air's letters, but refused to reimburse Boutique Air for the amount that was requested. **Exhibit 3** hereto.

On June 12, 2025, counsel for Petitioner sent a letter to Acting General Counsel Gregory Cote and Paul Geier, Esq., Department Assistant General Counsel for International and Aviation Economic Law, which responded to the letter dated June 3, 2025, from Acting General Counsel Cote. **Exhibit 4** hereto.

On July 24, 2025, counsel for Petitioner emailed Department Attorneys Cote and Geier, stating:

> Good morning. We have not received any response from DOT to our June 12, 2025 letter, which we attach again for your convenience. Please advise if a response is forthcoming. If we receive no response by July 31, 2025, we will assume that DOT has issued in effect a "final order" under 49 U.S.C. 46110 that denies Boutique Air's request for reimbursement. Thanks very much.

**Exhibit 5** hereto. The Department did not respond.

On September 8, 2025, counsel for Petitioner emailed Department Attorney Geier stating:

> Hi Paul, it was nice to see you Friday at the oral argument regarding Jackson, Tenn. When we spoke you indicated that DOT would not be responding to the enclosed [June 12, 2025] letter regarding Clovis, NM. If that is not the case, please let me know. Otherwise, we will assume that the DOT issued its "final order" (in the form of declining to respond to the written request for relief) as of July 31, 2025.

**Exhibit 6** hereto. Neither Attorney Geier nor anyone else at the Department replied to that email.

Petitioner respectfully maintains that July 31, 2025, was the constructive denial of Petitioner's requests for reimbursement. As decisions of this Court have made clear, the federal government cannot escape Administrative Procedure Act review by refusing to issue written final decisions. *See, e.g., Friedman v. FAA*, 841 F.3d 537 (D.C. Cir. 2016) (FAA's failure to either issue or deny certificate implicitly denied the application).

Dated: October 13, 2025                    Respectfully submitted,

/s/ M. Roy Goldberg
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2388
Email: rgoldberg@clarkhill.com

Counsel for Petitioner Boutique Air Inc.

<u>**CERTIFCATE OF SERVICE**</u>

I hereby certify that I have this 13th day of October, caused to be served the foregoing Underlying Decision through the Court's CM/ECF system and upon the following persons by email:

Gregory D. Cote, Esq.
Acting General Counsel
U.S. Department of Transportation
Office of the General Counsel
1200 New Jersey Avenue, S.E.
Washington, DC 20590
Email: Gregory.Cote@dot.gov

Charles Enloe, Esq.
Assistant General Counsel
Office of the General Counsel
Office of Litigation and Enforcement
1200 New Jersey Avenue, S.E.
Washington, DC 20590
Email: Charles.Enloe@dot.gov

Paul Geier, Esq.
Assistant General Counsel for International
and Aviation Economic Law
U.S. Department of Transportation
Office of the General Counsel
1200 New Jersey Avenue, S.E.
Washington, DC 20590
Email: Paul.Geier@dot.gov

Respectfully submitted,

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2388
Email: rgoldberg@clarkhill.com

Counsel for Petitioner Boutique Air, Inc.

4

 **Clark Hill**

Roy Goldberg
T (202) 552-2388
F (202) 572-8687
Email:rgoldberg@ClarkHill.com

Clark Hill
1001 Pennsylvania Avenue N.W.
Suite 1300 South
Washington, DC 20004
T (202) 552-2388
F (202) 772-0919

April 29, 2025

**VIA EMAIL**

Steven G. Bradbury, Esq.
Deputy Secretary of Transportation
U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, D.C. 20590
Email: Steven.Bradbury@dot.gov

Re: Boutique Air, Inc. - Request for Refund for Clovis, NM EAS Contract

Dear Deputy Secretary Bradbury:

On behalf of our client, Boutique Air, Inc. ("Boutique Air"), we respectively request that the U.S. Department of Transportation ("Department") refund Boutique Air the $1,650,662 that the Department withheld from Boutique Air in connection with Boutique Air's provision of Essential Air Service ("EAS") for Clovis, Mexico for 2018-2020. We are directing this letter to your attention after Boutique Air was told by its customary Department contact for EAS issues – Michael F. Martin – to cease contacting him, and because of the vacancies that currently exist for other positions at the Department that traditionally would have a leadership role in the EAS program who normally would be in a position to respond definitively to this request. In light of your important prior experience at the Department, Boutique Air is hopeful that you and your staff will be able to respond timely to this request.

The Department withheld $1,650,662 from Boutique Air because Boutique Air provided the EAS for Clovis utilizing a single-engine aircraft rather than a twin-engine aircraft. *See* "Order Reselecting Carrier and Establishing Subsidy Rates" "Essential Air Service at Clovis, New Mexico," DOT Order 2018-8-13, DOT-OST-1996-1902, at p. 4, n. 3 (Aug. 17, 2018) ("The use of single-engine aircraft as a substitute aircraft will be compensated at half the rate of the twin-engine aircraft rate").

However, on other occasions during the same time period, the Department did not withhold funding from the EAS air carrier despite the fact that the air carrier also used a single-engine aircraft rather than a twin-engine aircraft. Two examples that Boutique Air learned of for the first time in October 2024 involved Southern Airways and its EAS contracts for (1) Chadron, Nebraska, and (2) Pueblo, Colorado.

Southern Airways was fully compensated for Chadron and Pueblo even when it flew a single-engine plane rather than twin-engine planes for the entire EAS contract. Boutique should have received identical treatment for Clovis, but instead was obligated to forego the $1,650,662 withheld by the Department. Respectfully, it is arbitrary and capricious, in violation of the Administrative Procedure Act, if an agency treats similarly situated entities



April 29, 2025
Page 2

differently, as occurred here. *See, e.g., Green Country Mobilephone, Inc. v. FCC*, 765 F.2d 235, 237 (D.C. Cir. 1985)("[O]nce an agency agrees to allow exceptions to a rule, it must provide a rational explanation if it later refuses to allow exceptions in cases that appear similar. A 'sometime-yes, sometimes-no, sometimes-maybe policy of [deadlines] cannot . . . be squared with our obligation to preclude arbitrary and capricious management of [an agency's] mandate.'")

Boutique Air highly values its partnership with the Department and the nation's smaller community airports in providing important EAS for those communities. However, the profit margin in such operations is very thin, and it is critical that Boutique Air not lose revenues that otherwise should be provided to Boutique Air – and are given to its competitor air carriers. Accordingly, on behalf of Boutique Air we respectfully request that the Department refund Boutique Air the $1,650,662 that the Department withheld from Boutique Air for the Clovis, New Mexico EAS contract, and to thereby treat Boutique Air the same as its competitor EAS providers. Thank you for your attention to this matter.

Sincerely,

CLARK HILL PLC

*Roy Goldberg*

Roy Goldberg

COUNSEL FOR BOUTIQUE AIR, INC.

Copy:   Shawn Simpson, Boutique Air, Inc.
        Eitan Spiegel, Boutique Air, Inc.

 Clark Hill

Roy Goldberg
T (202) 552-2388
F (202) 572-8687
Email:rgoldberg@ClarkHill.com

Clark Hill
1001 Pennsylvania Avenue N.W.
Suite 1300 South
Washington, DC 20004
T (202) 552-2388
F (202) 772-0919

May 12, 2025

**<u>VIA EMAIL</u>**

A.J. Muldoon
Associate Director, Airports
Associate Director, Essential Air Service (Acting)
Office of Aviation Analysis - U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, D.C. 20590
Email: Albert.Muldoon@dot.gov

Judith L. Kaleta, Esq.
Deputy General Counsel
U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, D.C. 20590
Email: Judith.Kaleta@dot.gov

Copy:

Steven G. Bradbury, Esq.
Deputy Secretary of Transportation
U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, D.C. 20590
Email: Steven.Bradbury@dot.gov

Re: <u>Boutique Air, Inc. - Request for Refund for Clovis, NM EAS Contract</u>

Dear Associate Director Muldoon and Deputy General Counsel Kaleta:

On behalf of our client, Boutique Air, Inc. ("Boutique Air"), we respectively provide this follow up to our letter dated April 29, 2025, addressed to Deputy Secretary Bradbury - but also forwarded to you – regarding Boutique Air's request that the U.S. Department of Transportation ("Department") refund Boutique Air the $1,650,662 that the Department withheld from Boutique Air in connection with Boutique Air's provision of Essential Air Service ("EAS") for Clovis, Mexico for 2018-2020.

Unfortunately, we have so far not received any response to that letter. We cordially request that the Department provide a response to the April 29 letter (and this follow up) **<u>no later than Monday June 2, 2025</u>**. If no response is received by that date, we will appropriately conclude that the Department has in effect issued a "final order" immediately appealable



May 12, 2025
Page 2

under 49 U.S.C. 46110. Of course, if the Department maintains otherwise we would need to hear that from the Department no later than the June 2, 2025 date.

As set forth in my April 29 letter, the Department withheld $1,650,662 from Boutique Air because Boutique Air provided the EAS for Clovis utilizing a single-engine aircraft rather than a twin-engine aircraft. However, on other occasions during the same time period, the Department did not withhold funding from the EAS air carrier despite the fact that the air carrier also used a single-engine aircraft rather than a twin-engine aircraft. Two examples that Boutique Air learned of for the first time in October 2024 involved Southern Airways and its EAS contracts for (1) Chadron, Nebraska, and (2) Pueblo, Colorado.

Southern Airways was fully compensated for Chadron and Pueblo even when it flew a single-engine plane rather than twin-engine planes for the entire EAS contract. Boutique should have received identical treatment for Clovis, but instead was obligated to forego the $1,650.662 withheld by the Department. Respectfully, it is arbitrary and capricious, in violation of the Administrative Procedure Act, if an agency treats similarly situated entities differently, as occurred here. *See, e.g., Green Country Mobilephone, Inc. v. FCC*, 765 F.2d 235, 237 (D.C. Cir. 1985)("[O]nce an agency agrees to allow exceptions to a rule, it must provide a rational explanation if it later refuses to allow exceptions in cases that appear similar. A 'sometime-yes, sometimes-no, sometimes-maybe policy of [deadlines] cannot . . . be squared with our obligation to preclude arbitrary and capricious management of [an agency's] mandate.'")

Notably, the purported absence of language in the Southern Airways contracts regarding use of a single-engine plane rather than a twin-engine aircraft (which appears in the Boutique order for Clovis) has no legal relevance given the fact that the Department opted to financially penalize Boutique for using a single-engine plane but do nothing to Southern Airways despite the fact that the EAS contracts for both airlines purported to require use of a twin-engine aircraft. Moreover, the "Order Selecting Carrier" for Pueblo, Colorado (Oct. 26, 2022), at page 2 stated "Southern Airways proposed to provide either 24 or 30 weekly round trips to DEN using 9-seat twin-engine Beechcraft King Air 200 aircraft," and Appendix B, page 2 of 2, of that Order makes it clear that Southern Airways could "forfeit its compensation for any flights that it does not operate in conformance with the terms and stipulations of the rate order." This same forfeiture language is in Appendix B to the Chadron, Nebraska Order Selecting Carrier.

In sum, the fact is that the Department chose to financially penalize Boutique Air but excuse Southern Airways despite the fact that both air carriers used a single-engine plane rather than a twin-engine plane. The Department has not placed any information or excuse in the agency record to explain or justify such clearly discriminatory and arbitrary and capricious treatment of two similarly-situated EAS awardees.

Boutique Air highly values its partnership with the Department and the nation's smaller community airports in providing important EAS for those communities. However, the profit margin in such operations is very thin, and it is critical that Boutique Air not lose revenues that otherwise should be provided to Boutique Air – and are given to its competitor air carriers. Accordingly, on behalf of Boutique Air we respectfully request that the Department refund Boutique Air the $1,650,662 that the Department withheld from Boutique Air for the Clovis, New Mexico EAS contract, and to thereby treat Boutique Air the same as its competitor EAS providers. Thank you for your attention to this matter.

As stated above, the lack of any response by the Department by June 2, 2025, shall be construed as a final order denying Boutique's reimbursement request.

May 12, 2025
Page 3

Sincerely,

CLARK HILL PLC

*Roy Goldberg*

Roy Goldberg

COUNSEL FOR BOUTIQUE AIR, INC.

Copy:   Shawn Simpson, Boutique Air, Inc.
        Eitan Spiegel, Boutique Air, Inc.



**U.S. Department
of Transportation**

**OFFICE OF THE
GENERAL COUNSEL**

1200 New Jersey Ave., S.E.
Washington, D.C. 20590

Office of the Secretary
of Transportation

June 3, 2025

Roy Goldberg, Esq.
Clark Hill
1001 Pennsylvania Avenue N.W.
Suite 1300 South
Washington, D.C. 20004

Dear Mr. Goldberg:

Thank you for your letter to Deputy Secretary Steven Bradbury requesting a "refund" of payments allegedly withheld by the Department of Transportation (Department) for certain Essential Air Service (EAS) operations performed by your client, Boutique Air, Inc. at Clovis, New Mexico from 2018 to 2020 under Departmental Order 2018-8-13 (August 17, 2018). Deputy Secretary Bradbury requested that I respond on his behalf.

Departmental Order 2018-8-13 selected Boutique to provide EAS service at Clovis, New Mexico from August 2018 to January 2020 using twin-engine King Air 350 aircraft. As your letter notes, the Order states that "[t]he use of single-engine aircraft as a substitute aircraft will be compensated at half the rate of the twin-engine aircraft rate." That statement of potential reduced compensation if single-engine aircraft were used was repeated in the Schedule of Compensation, footnote 3 found in Appendix B to Order 2018-8-13. Operations that were completed using single-engine aircraft were therefore compensated at half the rate, in accordance with the applicable Order. Boutique was paid in accordance with the terms of Order 2018-8-13 and Boutique did not challenge those payments at any time during the period from 2018 to 2020 when these reimbursement payments were made to the carrier by DOT.

Furthermore, Departmental Order 2018-8-13 is quite clear in explaining why the use of twin-engine aircraft at Clovis was important and desirable. The commander of the local Air Force Base stated in an April 27, 2018 letter to the Department that:

> [i]f the expansion of service included a multi-engine aircraft option, this would provide increased cargo/baggage allowance that would be gained with multi-engine aircraft as well as increased options for our official travels as local flights from Clovis Municipal Airport could then be directly scheduled through [the Defense Travel System].

Members of the New Mexico Congressional delegation reiterated this concern in a May 24, 2018 letter to the Department in support of Boutique's application:

**EXHIBIT
3**

Roy Goldberg, Esq.
Page 2

> [w]e are also very supportive of Boutique Air's decision to utilize
> their twin engine King Air planes with more cargo space. This
> choice will increase the likelihood that Cannon Air Force Base,
> home of the 27th Special Operations Wing, will utilize the King
> Airplanes for military purposes.

The decision also specifically notes that the Department was choosing the more expensive, twin-engine option on a trial basis to see if the market supported the higher subsidy option. By inserting the term paying half the rate for single-engine service, the Department was ensuring that its decision choosing the higher subsidy option which relied upon twin-engine service would be followed, while also allowing the Department to properly evaluate the market for twin-engine service.

Your letter contends that other carriers were treated differently under similar circumstances. You specifically cite EAS contracts with Southern Airways Express ("Southern") in the Chadron, Nebraska, and Pueblo, Colorado markets. The orders for Chadron and Pueblo presented very different circumstances from those in Clovis as explained below.

First, in Order 2023-3-11, selecting Southern to serve Chadron, the contract was awarded to Southern to fly either King Air 200 ("KA-200") or Pilatus PC-12 ("PC-12") aircraft, the KA-200 being twin-engine, and the PC-12 being single-engine. There had been two options proposed by Southern, one offering single-engine service by unpressurized aircraft (a Cessna Caravan C-208), and the other, which was selected, offering service by the pressurized KA-200 (twin-engine service) or PC-12 (single-engine service). The Department noted that it was specifically paying the higher subsidy to ensure that pressurized service was provided, in order to accommodate winter weather conditions in Chadron while also reflecting the preference of the community. Accordingly, there is language in Appendix B protecting the Department's choice to pay at the higher rate in order to secure the pressurized service. Footnote 1 of Appendix B provides that "[i]f Cessna Caravan C-208 aircraft are used on a substitute basis, those flights will be compensated at 50 percent of the rate per eligible flight." This was to prevent Southern from receiving the higher subsidy while providing unpressurized service as offered in its lower priced proposal. While Southern did operate single-engine planes in serving Chadron, as envisioned PC-12s, as envisioned by the terms of the Order. It also operated the twin-engine King Air aircraft authorized by Order 2023-3-11, but it did not operate Caravans, and thus did not trigger the 50% compensation reduction language.

Second, Order 2022-10-14, selecting Southern for service to Pueblo, presented a different situation because Pueblo—unlike Clovis or Chadron—had a statutory right under section 41732(b)(3) for twin-engine service. In fact, the Department had to undertake two rounds of Requests for Proposals for Pueblo given that the first round only resulted in single-engine proposals and the community declined to waive its right to twin-engine service. The second round resulted in two proposals from Southern, both contemplating the use of twin-engine aircraft. While Southern noted in its comments that it might occasionally have to substitute a PC-12 when its dedicated KA-200 was undergoing maintenance to prevent cancellations, it was not envisioned that Southern would operate a single-engine aircraft with any degree of regularity given the statutory and contractual

Roy Goldberg, Esq.
Page 3

requirement to operate twin-engine service at Pueblo. Accordingly, Order 2022-10-14—unlike the order applicable to Clovis—did not contain language addressing reduced compensation for single-engine flights. Nonetheless, we understand that Southern did operate single-engine service at Pueblo regularly throughout the term of its contract, and our investigation into the matter is ongoing.

In Clovis and Chadron, there was nothing stopping carriers from proposing single-engine service, as indeed they did. However, the Chadron contract specifically required service by pressurized aircraft for reasons unique to that community, and the Clovis contract required twin-engine service due to the documented substantial benefit to the local military base if twin-engine aircraft were utilized. In Pueblo, an alternative compensation requirement was not even contemplated due to the statutory and contractual requirement to provide twin-engine service for that community. Accordingly, Boutique was treated in accordance with the specific circumstances of the EAS case for Clovis, New Mexico, which differed from those of the Chadron, Nebraska and Pueblo, Colorado cases. Similarly situated carriers were not treated differently because there were not similarly situated carriers in these selection cases.

Thank you again for your letter. If we can provide further information or assistance, please contact Paul Geier, Assistant General Counsel for International and Aviation Economic Law at (202) 366-9273 or via email at Paul.Geier@dot.gov.

Very truly yours,

Gregory D. Cote

 **Clark Hill**

Roy Goldberg
T (202) 552-2388
Email:RGoldberg@ClarkHill.com

Clark Hill
1001 Pennsylvania Avenue NW
Suite 1300 South
Washington, D.C. 20004
T (202) 552-2388

June 12, 2025

**BY EMAIL**

Paul Geier, Esq.
Assistant General Counsel for International
and Aviation Economic Law
U.S. Department of Transportation
Office of the General Counsel
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590
Email: Paul.Geier@dot.gov

Gregory D. Cote, Esq.
Acting General Counsel
U.S. Department of Transportation
Office of the General Counsel
1200 New Jersey Avenue, S.E.
Washington, D.C. 20590
Email: Gregory.Cote@dot.gov

Re: Boutique Air, Inc. – Clovis, NM EAS Contract – Request for $1,650,662

Dear Assistant General Counsel Geier and Acting General Counsel Cote:

This letter is being submitted on behalf of our client, Boutique Air, Inc. ("Boutique Air"), in response to the letter dated June 3, 2025, from Acting General Counsel Cote. For the reasons set forth below and in our prior correspondence, Boutique firmly believes that there is no genuine reason for the Department of Transportation ("Department" or "DOT") to discriminate against Boutique Air with regard to the financial withholding of $1,650,662 for the Clovis, New Mexico Essential Air Service ("EAS") contract for 2018-2020, in relation to the Department's more favorable treatment of Southern Airways at is EAS locations of Chadron, Nebraska and Pueblo, Colorado.

We appreciate the opportunity to submit this correspondence to the agency record for DOT's consideration. Ideally, these arguments will persuade the Department to reverse its current position and to refund the disputed sum to Boutique Air. However, if the Department decides to stand its ground, we would appreciate that statement


EXHIBIT
4

Gregory D. Cote, Esq.
Paul Geier, Esq.
June 12, 2025
Page 2

in writing from you, with the recognition that such a statement will constitute a "final" agency order for purposes of 49 U.S.C. § 46110.

The Department has acted in an arbitrary and capricious manner by treating similarly situated EAS contractors – Boutique Air and Southern Airways – differently to the financial harm of Boutique Air. Both Boutique Air and Southern contracted to provide EAS service utilizing twin-engine aircraft, and both ended up using single-engine aircraft. On the one hand, DOT penalized Boutique Air by withholding $1,650,662 in payments because of the use of single-engine aircraft. On the other hand, DOT opted to not withhold any money from Southern Airways despite it did exactly as Boutique Air by using single-engine aircraft.

Boutique Air would have raised this objection to the discriminatory treatment during the contract period had it been informed of the existence of the discrimination. However, as stated in our previous correspondence, Boutique Air did not learn of the differential treatment until October 2024.

The case law is clear that it is arbitrary and capricious for an agency to treat similarly situated parties in a materially different manner. *See, e.g., Yetman v. Garvey*, 261 F.3d 664, 669 (7th Cir. 2001) ("the deference accorded to agency action 'should not be equated with a license to issue inconsistent determinations. . . . A long line of precedent has established that an agency action is considered arbitrary when the agency has offered insufficient reasons for treating similar situations differently"); *Airmark Corp. v. FAA*, 758 F.2d 685, 694-96 (D.C. Cir. 1985) (failure of FAA to apply consistent criteria in granting or denying exemptions from regulation imposing noise standards on four-engine jet aircraft in commercial operations required vacation of exemption rulings); ("the curfew imposed on the exemption is inconsistent with other grants . . . Similar restrictions were not imposed on either Buffalo Airways or Icelandair. The FAA has offered no coherent explanation for this disparate treatment."); *Independent Air, Inc. v. DOT*, 767 F.2d 1488, 1491 (11th Cir. 1985) ("FAA acted arbitrarily and capriciously in denying Independent Air's petition for an exemption" because of its decision to apply different decisional criteria to similarly situated air carriers).

Respectfully, the arguments in Acting Attorney General Cote's letter for why DOT is claiming that Boutique Air and Southern Airways are not "similarly situated" are not substantiated in the record or the facts.

First, the letter states that "Departmental Order 2018-8-13" explained "why the use of twin-engine aircraft at Clovis was important and desirable." Letter, at 1. However, it is clear that use of a twin-engine aircraft was also important and desirable for Chadron and Pueblo, and the Department does not say otherwise. The EAS orders for both airports specified use of a twin-engine aircraft, and the DOT letter (at page 2) states that Chadron required twin-engine service because of "winter weather conditions in Chadron."

Gregory D. Cote, Esq.
Paul Geier, Esq.
June 12, 2025
Page 3

Second, the Department states that it "understand[s] that Southern did operate single-engine service at Pueblo regularly throughout its contract, and our investigation into the matter is ongoing." Letter, at 3. This is an admission that Southern, like Boutique Air, used a single-engine aircraft rather than a twin-engine plane. In other words, the Department fully concedes that the two air carriers are similarly-situated: Both used single-engine aircraft rather than twin-engine aircraft; yet Boutique Air alone was required to forego a huge monetary sum as a result.

Third, the letter refers to 49 U.S.C. § 41732(b)(3), and claims that Pueblo had a "statutory right" to twin-engine service. Letter, at 2. However, as noted above, Southern provided its EAS service at Pueblo using a single-engine aircraft "regularly throughout its contract."

The Department's letter also does not reflect the fact that the number of engines on the aircraft had no bearing on who used the Boutique Air service or how full the flights were. In fact, Boutique Air's flights at Clovis were very full regardless of the fact that the single engine aircraft was used.

In closing, Boutique Air appreciates the support it receives generally from DOT for the EAS program, and Paul, you and I have a solid history on litigation matters involving DOT reaching as far back as the overflight fee cases which commenced nearly 30 years ago. I hope that we can work collaboratively together to achieve the appropriate resolution for this matter.

As stated above, please inform us in writing if the Department is willing to refund the money to Boutique Air or, alternatively, please provide a written statement that the Department has issued a final order with regard to Boutique Air's refund request.

Sincerely,

*/s/ Roy Goldberg*

Roy Goldberg
CLARK HILL PLC

Counsel for Boutique Air, Inc.

Copy: Boutique Air, Inc.

CLARKHILL\M8787\500444\282388241.v1-9/23/25

## Goldberg, Roy

| | |
|---|---|
| **From:** | Goldberg, Roy |
| **Sent:** | Thursday, July 24, 2025 10:34 AM |
| **To:** | OST-C-Program Support; Geier, Paul (OST); gregory.cote@dot.gov |
| **Subject:** | RE: Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033] |
| **Attachments:** | Letter to Paul Geier and Gregory D. Cote June 12, 2025 re Boutique Air - Clovis.pdf |

Good morning. We have not received any response from DOT to our June 12, 2025 letter, which we attach again for your convenience. Please advise if a response is forthcoming. If we receive no response by July 31, 2025, we will assume that DOT has issued in effect a "final order" under 49 U.S.C. 46110 that denies Boutique Air's request for reimbursement. Thanks very much.

**Roy Goldberg**
Member
**Clark Hill**
1001 Pennsylvania Ave. N.W., Suite 1300 South, Washington, DC 20004
+1 202.552.2388 (office) | +1 202.572.8687
rgoldberg@clarkhill.com | www.clarkhill.com

**From:** Goldberg, Roy
**Sent:** Thursday, June 12, 2025 3:59 PM
**To:** OST-C-Program Support <OST-C-ProgramSupport@dot.gov>; Geier, Paul (OST) paul.geier@dot.gov; gregory.cote@dot.gov
**Subject:** RE: Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033]

Good afternoon. Please see the enclosed correspondence from Clark Hill on behalf of our client, Boutique Air, Inc., with regard to its request for reimbursement for the Clovis, NM EAS Contract (2018-2020)

**Roy Goldberg**
Member
**Clark Hill**
1001 Pennsylvania Ave. N.W., Suite 1300 South, Washington, DC 20004
+1 202.552.2388 (office) | +1 202.572.8687
rgoldberg@clarkhill.com | www.clarkhill.com

**From:** OST-C-Program Support <OST-C-ProgramSupport@dot.gov>
**Sent:** Tuesday, June 3, 2025 4:38 PM
**To:** Goldberg, Roy <rgoldberg@clarkhill.com>
**Subject:** Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033]

EXTERNAL EMAIL: The sender (OST-C-ProgramSupport@dot.gov) is external to Clark Hill. Exercise caution with links, attachments, or replies if this message is unexpected.

Hello Mr. Goldberg,

Please see the attached response from Acting General Counsel Gregory D. Cote.

1


EXHIBIT
5

Best Regards,
OST-C Program Support Team
Office of the General Counsel
U.S. Department of Transportation

## Goldberg, Roy

| | |
|---|---|
| **From:** | Goldberg, Roy |
| **Sent:** | Monday, September 8, 2025 2:12 PM |
| **To:** | Geier, Paul (OST) |
| **Cc:** | gregory.cote@dot.gov; OST-C-Program Support |
| **Subject:** | FW: Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033] |
| **Attachments:** | Letter to Paul Geier and Gregory D. Cote June 12, 2025 re Boutique Air - Clovis.pdf |

Hi Paul, it was nice to see you Friday at the oral argument regarding Jackson, Tenn. When we spoke you indicated that DOT would not be responding to the enclosed letter regarding Clovis, NM. If that is not the case, please let me know. Otherwise, we will assume that the DOT issued its "final order" (in the form of declining to respond to the written request for relief) as of July 31, 2025.

Thanks

**Roy Goldberg**
Member
**Clark Hill**
1001 Pennsylvania Ave. N.W., Suite 1300 South, Washington, DC 20004
+1 202.552.2388 (office) | +1 202.572.8687
rgoldberg@clarkhill.com | www.clarkhill.com

**From:** Goldberg, Roy
**Sent:** Thursday, July 24, 2025 10:34 AM
**To:** OST-C-Program Support <OST-C-ProgramSupport@dot.gov>; Geier, Paul (OST) <paul.geier@dot.gov>; gregory.cote@dot.gov
**Subject:** RE: Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033]

Good morning. We have not received any response from DOT to our June 12, 2025 letter, which we attach again for your convenience. Please advise if a response is forthcoming. If we receive no response by July 31, 2025, we will assume that DOT has issued in effect a "final order" under 49 U.S.C. 46110 that denies Boutique Air's request for reimbursement. Thanks very much.

**Roy Goldberg**
Member
**Clark Hill**
1001 Pennsylvania Ave. N.W., Suite 1300 South, Washington, DC 20004
+1 202.552.2388 (office) | +1 202.572.8687
rgoldberg@clarkhill.com | www.clarkhill.com

**From:** Goldberg, Roy
**Sent:** Thursday, June 12, 2025 3:59 PM
**To:** OST-C-Program Support@dot.gov>; Geier, Paul (OST) paul.geier@dot.gov; gregory.cote@dot.gov
**Subject:** RE: Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033]

Good afternoon. Please see the enclosed correspondence from Clark Hill on behalf of our client, Boutique Air, Inc., with regard to its request for reimbursement for the Clovis, NM EAS Contract (2018-2020)

**EXHIBIT**
**6**

**Roy Goldberg**
Member
**Clark Hill**
1001 Pennsylvania Ave. N.W., Suite 1300 South, Washington, DC 20004
+1 202.552.2388 (office) | +1 202.572.8687
rgoldberg@clarkhill.com | www.clarkhill.com

**From:** OST-C-Program Support <OST-C-ProgramSupport@dot.gov>
**Sent:** Tuesday, June 3, 2025 4:38 PM
**To:** Goldberg, Roy <rgoldberg@clarkhill.com>
**Subject:** Letter from the U.S. Department of Transportation, Office of the General Counsel [#OST-S10-250429-033]

EXTERNAL EMAIL: The sender (OST-C-ProgramSupport@dot.gov) is external to Clark Hill. Exercise caution with links, attachments, or replies if this message is unexpected.

Hello Mr. Goldberg,

Please see the attached response from Acting General Counsel Gregory D. Cote.

Best Regards,
OST-C Program Support Team
Office of the General Counsel
U.S. Department of Transportation